FILED
2014 Jul-31  PM 04:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **DEBRA GEER,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 4:12-CV-03546-MHH |
| **CAROLYN W. COLVIN** ) | |
| **Acting Commissioner of the** ) | |
| **Social Security Administration,** ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Pursuant to 42 U.S.C.§ 1383(c), claimant Debra Geer ("Ms. Geer") seeks judicial review of a final adverse decision of the Commissioner of Social Security[1] ("Commissioner"), affirming the decision of the Administrative Law Judge ("ALJ") who denied Ms. Geer's claim for supplemental security income ("SSI"). (Doc. 1). As discussed below, the Court finds that the Commissioner did not apply the correct legal standards. Consequently, the Court reverses and remands the ALJ's decision.

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Therefore, she should be substituted for Commissioner Michael J. Astrue as Defendant in this suit.  *See* Fed. R. Civ. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. Later opinions should be in the substituted party's name, but any misnomer affecting the parties' substantial rights must be disregarded.").

**<u>STANDARD OF REVIEW</u>**:

The scope of review in this matter is limited. "When, as in this case, the ALJ denies benefits and the Appeals Council denies review," the Court "review[s] the ALJ's 'factual findings with deference' and [his] 'legal conclusions with close scrutiny.'" *Riggs v. Comm'r of Soc. Sec.*, 522 Fed. Appx. 509, 510-11 (11th Cir. 2013) (quoting *Doughty v. Apfel,* 245 F.3d 1274, 1278 (11th Cir. 2001)).

The Court must determine whether there is substantial evidence in the record to support the ALJ's findings. "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). In making this evaluation, the Court may not "reweigh the evidence or decide the facts anew," and the Court must "defer to the ALJ's decision if it is supported by substantial evidence even if the evidence may preponderate against it." *Gaskin v. Comm'r of Soc. Sec.*, 533 Fed. Appx. 929, 930 (11th Cir. 2013) (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)).

With respect to the ALJ's legal conclusions, the Court must determine whether the ALJ applied the correct legal standards. If the Court finds an error in the ALJ's application of the law, or if the Court finds that the ALJ failed to provide sufficient reasoning to demonstrate that the ALJ conducted a proper legal analysis,

then the Court must reverse the ALJ's decision. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

## PROCEDURAL AND FACTUAL BACKGROUND:

Ms. Geer applied for SSI on November 28, 2007. (Doc. 7-6, pp. 2-4). She alleged that her disability began on July 1, 2006. (Doc. 7-7, p. 35). On March 21, 2008, the Commissioner initially denied Ms. Geer's claim (Doc. 7-5, pp. 2-6). Ms. Geer then filed a written request for a hearing on April 3, 2008. (Doc. 7-5, pp. 7-8). An ALJ held a hearing on August 14, 2009. (Doc. 7-3, p. 28). At the hearing, the ALJ gave Ms. Geer a thirty day continuance to secure legal representation. (Doc. 7-3, p. 32).

On February 10, 2010, the ALJ held a second hearing where Ms. Geer was represented by counsel. (Doc. 7-3, p. 40). At the hearing, Ms. Geer testified that her back pain prevented her from working a full-time job. (Doc. 7-3, p. 62). She stated that her back pain on a typical day was a five or six on a scale from zero-to-ten. (Doc. 7-3, p. 62). The vocational expert testified that if the ALJ found Ms. Geer's testimony credible, then she would be unable to find gainful employment. (Doc. 7-3, p. 70).

On March 8, 2010, the ALJ issued a decision finding that Ms. Geer was not disabled, as defined in the Social Security Act. (Doc. 7-3, p. 21). First, the ALJ determined that Ms. Geer had not engaged in substantial gainful activity since the

application date.  (Doc. 7-3, p. 18).  He then determined that she had degenerative disc disease, a severe impairment, but he concluded that this impairment did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (Doc. 7-3, pp. 18-19).

Next, the ALJ found that Ms. Geer retained the residual functional capacity ("RFC") to perform medium work, along with various other exertional limitations. (Doc. 7-3, p. 19).  Based on this RFC determination and the testimony of the vocational expert, the ALJ determined that Ms. Geer was capable of performing her past work as a nursing assistant.  (Doc. 7-3, p. 21).  Thus, he concluded that she was not disabled, as defined in the Act.  (Doc. 7-3, p. 21).

On August 14, 2012, this became the final decision of the Commissioner when the Appeals Council refused to review the ALJ's decision.  (Doc. 7-3, p. 2-7).  Having exhausted all administrative remedies, Ms. Geer filed this action for judicial review pursuant to §1631(c)(3) of the Social Security Act, 42 U.S.C. §1383(c)(3).

**ANALYSIS**:

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12

months." 42 U.S.C.A. § 423(d)(1)(A). A claimant "bears the burden of proving that he is disabled, and, consequently, he is responsible for producing evidence in support of his claim." *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).

To determine whether a claimant is disabled, the Social Security Administration applies a five-step sequential analysis. *Gaskin*, 533 Fed. Appx at 930.

> This process includes a determination of whether the claimant (1) is unable to engage in substantial gainful activity; (2) has a severe and medically-determinable physical or mental impairment; (3) has such an impairment that meets or equals a Listing and meets the duration requirements; (4) can perform his past relevant work, in the light of his residual functional capacity; and (5) can make an adjustment to other work, in the light of his residual functional capacity, age, education, and work experience.

*Id.* (citation omitted). "The claimant's residual functional capacity is an assessment, based upon all relevant evidence, of the claimant's ability to do work despite his impairments." *Id.* (citing *Lewis v. Callahan,* 125 F.3d 1436, 1440 (11th Cir. 1997); 20 C.F.R. § 404.1545(a)(1)).

Ms. Geer argues that the ALJ failed to properly apply the "pain standard" when evaluating the claimant's subjective symptoms.[2] The Court agrees.

The ALJ "appl[ies] a three part 'pain standard' when a claimant attempts to establish disability through his or her own testimony of pain or other subjective

---

[2] Ms. Geer also argues that the ALJ made seven additional legal errors. (Doc. 9, p. 2). Because the Court finds the first issue meritorious, it will not address her additional arguments.

symptoms." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). "The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). A claimant's testimony coupled with evidence that meets this standard "is itself sufficient to support a finding of disability." *Id*. (citation omitted).

"If the ALJ decides not to credit a claimant's testimony as to her pain, he must articulate explicit and adequate reasons for doing so." *Foote*, 67 F.3d at 1561-62. If the ALJ does not explicitly state that he found the testimony incredible, "the implication must be so clear as to amount to a specific credibility finding." *Tieniber v. Heckler*, 720 F.2d 1251, 1255 (11th Cir. 1983). Thus, the ALJ need not make his credibility *conclusion* explicit, if it obviously follows from "*explicit* and adequate *reasons*." *Foote*, 67 F.3d at 1561-62 (emphasis added).

In the present case, the Commissioner contends that the ALJ's reasoning clearly indicates that he found Ms. Geer's testimony incredible. (Doc. 10, pp. 6-10). The ALJ noted that a lumbar spine x-ray "revealed only a minimal annular bulge at L4-5" with "no stenosis or disc extrusion." (Doc. 7-3, p. 19). He cited

Ms. Geer's MRIs that indicated a "moderate herniation at C5-6" and "a moderate sized disc bulge at L2-3." (Doc. 7-3, p. 19).

The ALJ stated that Ms. Geer consistently reported that her medications "were working well." (Doc. 7-3, p. 19). Further, he noted that her pain medicine was "tapered down to only Neurontin, Soma and Methadone." (Doc. 7-3, p. 20). The ALJ cited Dr. Whitney's review of the medical record and Dr. Whitney's conclusions that Ms. Geer could frequently lift 25 pounds and stand/walk for six hours in an eight hour work day. (Doc. 7-3, p. 20). The ALJ also summarized the testimony of Dr. Cloninger, a medical expert. The ALJ wrote:

> Dr. Cloninger testified that there was simply no objective medical evidence that would cause radiculopathy or the claimant's alleged back pain. He further testified that this condition would not cause any leg discomfort of any kind. Dr. Cloninger reiterated that the claimant's degenerative disc disease could cause some low back pain but no lower extremity problems.

(Doc. 7-3, p. 20). The ALJ noted that Ms. Geer had not been treated by a neurosurgeon or an orthopedic surgeon. (Doc. 7-3, p. 20). Based on this analysis, the Commissioner avers that "substantial evidence supports the ALJ's finding that Plaintiff's allegations of disabling pain and functional limitations were not entirely credible." (Doc. 10, p. 10).

The Court does not share the conclusion that a credibility finding is implicit in the ALJ's reasoning. The ALJ's decision does not indicate whether he found that the objective evidence did not satisfy the pain standard requirements or that

Ms. Geer's testimony was incredible.[3]  In a similar situation, the Eleventh Circuit stated:

> The decision by the ALJ contains no indication that he applied this standard [the pain standard]. His findings contain only the bare conclusion that "the claimant is capable of undertaking a full range of sedentary and light exertion...." …
>
> Neither did the ALJ make findings on whether Holt's claims of pain and other subjective symptoms satisfied the second or third prongs of the pain standard. The findings contain no indication that he considered whether Holt's claims were either confirmed by objective medical evidence or could reasonably have been expected to give rise to the pain alleged. In short, the ALJ did not apply the pain standard as is required by law.

*Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991).

In the present case, the ALJ did not mention the pain standard or its objective requirements. (Doc. 7-3, pp. 19-20). He did not apply parts (2) and (3) to Ms. Geer's objectively determinable impairment or make a determination on Ms. Geer's credibility. (Doc. 7-3, pp. 19-20). Thus, "the ALJ did not apply the pain standard as is required by law." *Holt*, 921 F.2d at 1223.

The Commissioner's argument that substantial evidence would have supported discrediting Ms. Geer's testimony is inapposite. Simply put, the Commissioner did not make such a determination, explicitly or implicitly. The

---

[3] In fact, by regulation, the lack of objective support cited by Dr. Cloninger was not a reason to discredit the plaintiff's testimony.  *See* 20 C.F.R. § 404.1529(c)(2) ("[The Commissioner] will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work solely because the available objective medical evidence does not substantiate your statements.").

Court – and Ms. Geer – is left to wonder as to the basis of his decision. The Court will not "affirm simply because some rationale might have supported the ALJ's conclusion. Such an approach would not advance the ends of reasoned decision making." *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984) (footnote omitted).

## CONCLUSION:

For the reasons outlined above, the Court concludes that the ALJ did not apply the proper legal standards. Accordingly, the decision of the Commissioner is due to be reversed and remanded for proper application of the pain standard. The Court will enter a separate order consistent with this memorandum of opinion.

**DONE** and **ORDERED** this 31st day of July, 2014.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE